DECANDIDO & AZACHI, PLLC

Attorneys-at-Law
71-50 Austin Street, Suite 206
Forest Hills, New York 11375
Tel. (718) 275-6600
Email:  bill.decandido@nylawadvisors.com

September 14, 2020

**Sent via email and filed with ECF only**

Hon. Kiyo A. Matsumoto
District Court Judge
United States District Court
Eastern District
Brooklyn, New York 11201

Re:   Mckie v. Estate of Doris Dickinson, et al.
      Docket No. CV 20-2973
      Request for a Pre-Motion Conference for
      Permission to file motion to dismiss complaint pursuant to Rule 12

Dear Judge Matsumoto:

My firm represents all of the defendants in the above referenced action-- Estate of Doris Dickinson, Charles Kornegay and Irene Kornegay ("Jane Doe").  I write to request a pre-motion conference in accordance with Court Rule IV (B) 1.  Defendants seek permission to move to dismiss the complaint based on Rule 12 of the Federal Rules of Civil Procedure.  The time for the defendants to answer or otherwise move has been extended until September 18, 2020 by stipulation of the parties and order of the Court.  Also, the Court has scheduled a conference for September 25, 2020 at 10:15 am (Docket entry #9).

This action involves the estate of Doris Dickinson, the sister of Charles Kornegay.  Plaintiff was an intimate partner of the Doris Dickinson, but not married to the decedent.  We believed the that the plaintiff was named as decedent's designated beneficiary on a life insurance policy and bank accounts.  Plaintiff claims fraud, undue influence, breach of contract, quantum merit against the defendants, essentially seeking to obtain the value of all of the assets in the estate.  The forty-two (42) page complaint fails to state a cause of action because plaintiff (a) acknowledges that the decedent did not have a valid will in effect at the time of her death, and as a matter of Intestate law, the defendant Charles Kornegay as decedent's next of kin is the rightful person to inherit the decedent's assets, (b) there was no written agreement between the plaintiff and decedent for compensation, (c) plaintiff fails to allege facts constituting fraud or undue influence by the defendants, but rather, asserts that the defendants, Charles Kornegay and Irene Kornegay, never had contact with the decedent, making a claim of fraud and undue influence impossible.

Plaintiff alleges that Charles and Irene Kornegay took actions to gain entry to the decedent's premises and "rummaged" through the place, destroying records. Since Charles Kornegay, who is the brother of decedent, was appointed as the Administrator of the estate by the Kings County Surrogates Court, Charles Kornegay had every right (and obligation) to enter the decedent's premises and wind up her affairs. Plaintiff's attempt to bootstrap necessary actions taken by Charles Kornegay into torts cannot stand as a matter of law. New York law is clear under these circumstances—the plaintiff has no causes of action for recovery. Plaintiff is not named in a will, not an heir, has not contract rights and has not pled fraud and/or undue influence.

Plaintiff filed a previous action 20-CV-1050, which Your Honor dismissed without prejudice in a Memorandum and Order dated May 29, 2020 based on jurisdictional grounds, including dismissing the action based on the probate exception (see page 6 of Memorandum and Order). Plaintiff filed a notice of appeal, and then, filed this action. We believe that the court's ruling applies to this complaint, and this action should be dismissed on jurisdictional grounds as well.

My client, Charles Kornegay and his wife, Irene, are hardworking and family people, living in South Carolina. Charles was close to his sister, Doris Dickinson, despite the repetitious and false allegations of the plaintiff. There is no legal or equitable basis for this litigation to continue, and we respectfully request the opportunity to move to dismiss the complaint and end this misguided lawsuit before the legal costs spiral out of control.

Thank you for your consideration of this application for a pre-motion conference to permit the defendants to move to dismiss the complaint.

Very truly yours,

William V. DeCandido

cc.: Christopher McKie
Plaintiff, *pro se*
733 Sheffield Avenue
Brooklyn, NY 11207
(via email)